**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LISA RYAN MURPHY,
ADC #760343                                                                                                    PLAINTIFF

1:14CV00143-JLH-JTK

CLARA ROBINSON, et al.                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Lisa Murphy is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Cox and Robinson filed a false disciplinary charge against her in retaliation for the filing of lawsuits (Doc. No. 4).[1] Plaintiff asks for monetary and injunctive relief.

Pending before the Court is the Defendants' Motion for Summary Judgment (Doc. No. 13), to which Plaintiff has responded (Doc. No. 17). Plaintiff subsequently filed a Motion for Service (Doc. No. 18).

**II.    Amended Complaint** (Doc. No. 4)

Plaintiff alleges Defendant Cox notified her, about November 4, 2014, that she should pick up legal copies at Defendant Robinson's office.[2] When she arrived at Robinson's office, she asked,

---

[1] Defendants Alen, Faust, Budnick, Dixon, Dykes, Allen, and Norris were dismissed on January 5, 2015, for failure to state a claim upon which relief may be granted (Doc. No. 8).

[2] The disciplinary report submitted by Plaintiff indicates the incident occurred on October 27, 2014 (Doc. No. 17, p. 6).

and received permission, to quickly run to pill call before picking up her legal copies. When she returned to Robinson's office, Robinson had notified Defendant Cox that Plaintiff went to pill call without permission. Cox then wrote a disciplinary charge against Plaintiff, because Plaintiff had named Cox as a defendant in a pending civil action. Plaintiff also alleges that later Robinson yelled at her that she did not care if Plaintiff sued her, because Plaintiff sues everyone.

### III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A.     Exhaustion

Defendants state Plaintiff's complaint against them should be dismissed, because she failed to exhaust her administrative remedies as required by the ADC grievance policy, Administrative Directive (AD) 14-16, and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According

to the Declaration of Barbara Williams, ADC Grievance Coordinator, the ADC grievance policy in effect during that time specifically provided that claims of retaliation, even if related to an issue identified in the policy as being non-grievable (such as disciplinaries) are grievable. (Doc. No. 15-2, p. 2; Doc. No. 15-1, p. 3) According to her review of Plaintiff's grievance appeal file, she found Plaintiff exhausted one grievance against Defendant Robinson, which concerned the incident involving Robinson yelling at Plaintiff about filing a lawsuit against her. (Doc. No. 15-2, pp. 1-2; Grievance MCP 14-00940, Doc. No. 15-2, pp. 3-8) Plaintiff did not, however, exhaust a grievance in which she alleged Robinson and/or Cox retaliated against her. (Doc. No. 15-2, p. 2)

Defendants state the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, together with case law, mandate that all requirements for exhaustion be followed prior to filing a lawsuit. See Booth v. Churner, 532 U.S. 731, 739 (2001). Plaintiff's failure, however, to file and exhaust a grievance naming Robinson and Cox and complaining about the incident at issue in the complaint (retaliation), requires that this Court dismiss her claim against them.

In response, Plaintiff admits that she alleges Robinson and Cox filed false disciplinary charges against her in retaliation, but claims she wrote a grievance against Cox which was rejected because disciplinary issues are non-grievable. She also refers to the grievance she exhausted against Defendant Robinson and states that both grievances are sufficient to satisfy the exhaustion requirement.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. at 741. In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No. 15-1, pp. 5-6.) In addition, while disciplinaries are not grievable issues, the policy clearly states that "Claims of Retaliation, even if related to an issue referenced above (non-grievable), are Grievable." (Id., p. 3) The only grievance submitted by the parties, MCP 14-00940, concerns an incident which Plaintiff alleges occurred on October 27, 2014, at which time Defendant Robinson yelled at her that

she did not care if Plaintiff sued her. (Doc. No. 15-2, pp. 3-8; Doc. No. 17, pp. 10-11)  This grievance does not mention Defendant Cox (although Cox signed to receive the grievance), and it does not mention the incident which allegedly led to the filing of false disciplinary charges against Plaintiff. Furthermore, although Plaintiff claims she filed a grievance against Cox which was rejected as not grievable, she provides no proof of such.  Therefore, the Court finds that Plaintiff failed to exhaust her administrative remedies with respect to the retaliatory disciplinary claim against Defendants Robinson and Cox.

### B. Yelling by Robinson

Pursuant to the screening authority provided in 28 U.S.C. § 1915A(a), the Court finds this allegation should be dismissed, for failure to state a claim upon which relief may be granted.[3] "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)).

### C. Motion for Service

Plaintiff asks the Court to issue service on Ms. Martin, who was named as a Defendant in her Amended Complaint (Doc. No. 4, p. 2).[4]  However, pursuant to the screening authority noted above, the Court finds that Plaintiff's allegation against Martin, that she was a witness to the retaliation who wrote a false statement against Plaintiff, fails to state a constitutional claim for relief.  "[T]he filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge

---

[3] Although the Court directed that summons and service be issued to Defendants with respect to Plaintiff's retaliatory disciplinary allegations against them (Doc. No. 6), the Court did not specifically address this issue in the Proposed Findings and Recommendations dismissing the remaining Defendants (Doc. No. 7, adopted by the Court, Doc. No. 8).

[4] Ms. Martin is not, however, listed as a Defendant on the docket sheet.

becomes actionable if done in retaliation for the inmate's filing of a grievance." Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). In this case, Plaintiff does not allege that Martin was connected to the alleged false disciplinary charge filed against her by Cox and Martin; therefore, her sole allegation against her that she wrote a false witness statement does not support a constitutional claim for relief. See Reeves v. Hobbs, No. 6:11-cv-06047, 2012 WL 3613125 (W.D.Ark. 2012).

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 13) be GRANTED.

2. Plaintiff's retaliatory disciplinary claims against Defendants be DISMISSED without prejudice for failure to exhaust.

3. Plaintiff's "yelling" claim against Defendant Robinson and the false witness statement claim against Ms. Martin, be DISMISSED with prejudice for failure to state a claim.

4. Plaintiff's Motion for Service (Doc. No. 18) be DENIED.

IT IS SO RECOMMENDED this 18th day of February, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE